Filing # 165281812 E-Filed 01/23/2023 05:20:38 PM

16-2023-CC-001197-XXXX-MA Div: CC-D

IN THE COUNTY COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

TERRANCE JONES,

    Plaintiff,

v.

RENTGROW, INC., TRANS UNION
RENTAL SCREENING SOLUTIONS, Inc.,
    Defendants.

CASE NO: _____
DIVISION: _____

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, TERRANCE JONES, by and through his undersigned counsel, hereby sues the Defendants, RENTGROW, INC. ("RENTGROW") and TRANS UNION RENTAL SCREENING SOLUTIONS, INC. ("TURSS") (collectively "Defendants"), and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual who at all times relevant to this action resided in Duval County, Florida and now resides in Norcross, Georgia.

2. RentGrow is a Delaware corporation that engages in the business of maintaining, compiling, reporting, and reselling consumer information. Its principal place of business is in the State of Massachusetts. It does business in the State of Florida, in particular Duval County, FL.

3. RentGrow sells consumer reports, generated from its own databases or the databases of its partners, such as TURSS, and furnishes these consumer reports to landlords who use them to make decision about renting to housing to consumers.

-1-

4. TURSS is a Delaware corporation that engages in the business of maintaining, compiling, reporting, reselling, and furnishing consumer credit information. It does business in the State of Florida, in particular Duval County, Florida.

5. RentGrow and TURSS are Consumer Reporting Agencies, and/or Resellers as those terms are defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

6. TURSS is a "Furnisher" or information as contemplated by 15 U.S.C. §1681s-2 in that it provides information about consumers to consumer reporting agencies.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. § 1681a(c) of the FCRA.

8. All Defendants are "persons" as defined by 15 U.S.C. § 1681a (b) of the FCRA.

9. Venue is proper as the causes of action accrued in Duval County Florida and the Defendants engage in business in the state of Florida, in particular, Duval County.

10. This Court has jurisdiction over the Defendants pursuant to §48.193, Florida Statutes.

11. The amount in controversy is within the jurisdiction of this Court.

12. All conditions precedent to the institution and maintenance of this action have been performed, satisfied or otherwise waived.

### FACTUAL ALLEGATIONS

13. Plaintiff moved into Westland Park Apartments ("Westland Park") in February of 2019 and lived there until he moved out in February of 2021.

14. On June 26, 2021 Plaintiff's former property management company, G&I VII Westland Park LLC, filed an eviction action against a different individual, with no relation to Plaintiff, who also happened to be named Terrance Jones ("Terrance Jones #2") and lived in a

different apartment at Westland Park via Duval County Case Number 16-CC-008741 (the "Eviction"), for Terrance Jones #2's alleged failure to pay rent.

15. Plaintiff lived in apartment number 1109 in Westland Park while Terrance Jones #2, the person named in the Eviction lawsuit, lived in apartment number 1413.

16. Plaintiff's lease agreement (the "Lease") naturally expired on March 8, 2021, and Plaintiff provided his landlord with written notice of his intent not to renew the Lease. Pursuant to his notice, Plaintiff timely vacated the property on or before March 8, 2021, with all rents paid and otherwise in compliance with his lease.

17. In late January of 2021 Plaintiff applied to Oakwood Vista Apartments ("Oakwood Vista") in Norcross, Georgia.

18. On January 25, 2021, Oakwood Vista obtained a consumer report about Plaintiff to evaluate his application for housing and thereafter notified Plaintiff that Adverse Action had been taken with respect to his application because a tenant screening report reflected that Plaintiff's civil court history did not meet property requirements due to the appearance of the Eviction.

19. Plaintiff was confused and distressed because he had never been sued for eviction by Westland Park and could not understand why his application for housing had been denied on this basis of why the tenant screening report included this inaccurate information about him.

20. Plaintiff requested a copy of the tenant screening report from Oakwood Vista and was referred to the tenant screening company used by Oakwood Vista to evaluate his application for tenancy, Defendant RentGrow.

21. Upon review of the tenant screening report prepared by RentGrow and TURSS and sent to Oakwood Vista, Plaintiff discovered RentGrow and TURSS had associated the Eviction filed against Terrance Jones #2 with Plaintiff's own file and personally identifying information,

and had inaccurately and falsely included the Eviction in Plaintiff's tenant screening report as belonging to him, all of which RentGrow published to Oakwood Vista.

22. Due to the denial of housing, on or about January 27, 2021, Plaintiff disputed the information to RentGrow. Plaintiff denied that the Eviction record reported by RentGrow as belonging to him was actually his, explained that there was another Terrance Jones living in the same complex in a different unit and requested that the Eviction be removed from his tenant screening report. (See Exhibit "A.")

23. Upon information and belief, RentGrow communicated and provided notice of Plaintiff's dispute to Defendant TURSS and included all relevant information regarding the dispute to TURSS.

24. Plaintiff was eventually admitted for tenancy at Oakwood Vista but was required to pay an additional deposit in order to do so due to his allegedly derogatory rental history.

25. On February 16, 2021, TURSS, pursuant to Plaintiff's dispute, sent Plaintiff a response indicating it had investigated his dispute and that based on its investigation the false information concerning the Eviction would remain on Plaintiff's consumer report and, confusingly, would be "updated" to include that not only had an eviction been filed against Plaintiff but that a "Judgment of Possession" had been obtained in a "Forcible Detainer (sic)" action. None of which was true.

26. At all times relevant to this action, Defendant TURSS furnished information about the Eviction to Defendant RentGrow with knowledge, or reason to know, that the information was false.

27. At all relevant times, both RentGrow and TURSS knew that Plaintiff resided in Unit 1109 and that the Eviction record belonged to a tenant who resided in Unit 1413. Both

RentGrow and TURSS also knew that Plaintiff had resided in unit 1109 for at least 1 year and 11 months, which would have made it impossible for him to reside in Unit 1413 at the time of the Eviction. The Eviction record information contained in the tenant screening report prepared by Defendant RentGrow, using information supplied by Defendant TURSS, clearly did not belong to Plaintiff.

28. At all relevant times, the public records available to RentGrow and TURSS through the Duval County Clerk of Court showed the Eviction belonged to a Terrance Jones who lived in unit 1413.

29. At all relevant times RentGrow and TURSS knew that Plaintiff continued to reside at Westland Park long after the time that the other Terrance Jones had been evicted from the property.

30. Despite the information readily available to it, RentGrow and TURSS failed to maintain reasonable procedures to ensure the maximum possible accuracy of the tenant screening report it generated about Plaintiff.

31. Despite the clear and unequivocal dispute by Plaintiff, RentGrow and TURSS failed to reasonably investigate his dispute and delete, correct, or modify the inaccurate information.

32. As a results of RentGrow and TURSS failures to behave reasonably, they published false and inaccurate information about Plaintiff to various third parties, including Oakwood Vista, and continued to include the false Eviction information on Plaintiff's consumer reports after dispute.

33. As a result of RentGrow and TURSS actions, Plaintiff suffered damages including, but not limited to, denial of housing, increased deposits/costs of housing, humiliation,

embarrassment, time spent attempting to correct errors, stress, damage to reputation, lost opportunity to apply for housing, amongst other damages in an amount to be determined by the finder of fact.

## COUNT I

### (Fair Credit Reporting Act, 15 U.S.C. 1681n, as to RentGrow and TURRS)

34. This is a cause of action pursuant to the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. for willful noncompliance by Defendants with the provisions of the FCRA.

35. RentGrow and TURSS willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

   a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;
   b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i;

36. As is more particularly described above in Paragraphs 19 through 32, both RentGrow and TURRS assembled, evaluated, and furnished information about Plaintiff to third parties, using the instrumentalities of interstate commerce, for profit.

37. In regards to Plaintiff, both TURRS and RentGrow failed to institute reasonable procedures to ensure other consumers' information was not included in Plaintiff's tenant screening report.

38. A cursory review of the information contained in both RentGrow and TURSS possession would have revealed that the Eviction could not have belonged to Plaintiff and should not have been included in the tenant screening report. Plaintiff's address, unit number, date of

birth, time in current residence, social security number, etc. all put Defendants on notice of the discrepancies between the two "Terrance Jones'."

39. Both TURSS and RentGrow thereafter received notice of a dispute from Plaintiff where he put them on notice of the discrepancies and notified them that the Eviction did not belong to him.

40. Nevertheless, both RentGrow and TURSS failed to conduct a reasonable investigation and, instead, compiled a "new" report that still contained the inaccurate civil Eviction record but also now claimed a judgment had been obtained against Plaintiff.

41. Taken as a whole, Defendants actions were willful because they evidence a reckless disregard for the information in their own possession that conclusively demonstrated that Plaintiff could not have been the Defendant named in the Eviction action and, upon information and belief, Defendants used matching and report compiling procedures that, viewed objectively, would create an unjustifiably high risk of failing to meet its statutory requirements of "maximum possible accuracy."

42. Further, once TURSS and RentGrow were notified of their error by way of Plaintiff's dispute, they failed to reasonably reinvestigate Plaintiff's dispute and failed to take appropriate steps to correct the inaccurate information or notify Plaintiff's potential landlord(s) who had been provided the inaccurate information.

43. Plaintiff has suffered and continues to suffer actual damages as a result of RentGrow and TURSS violations of the FCRA, including, but not limited to, denial of housing, increased deposits/costs of housing, humiliation, embarrassment, time spent attempting to correct

errors, stress, damage to reputation, lost opportunity to apply for housing, amongst other damages all in an amount to be determined by the jury.

44. Plaintiff is entitled to statutory damages and punitive damages in an amount to be determined by the jury.

45. Plaintiff is entitled to his costs and attorney's fees, pursuant to 15 U.S.C. §1681n(a).

## COUNT II

### (Fair Credit-Reporting Act, 15 U.S.C. 1681o, as to RentGrow and TURSS)

46. This is a cause of action pursuant to the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C.A. §§ 1681 et seq. for negligent noncompliance by Defendants with the provisions of the FCRA.

47. RentGrow and TURSS negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

   c) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;
   d) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i;

48. Plaintiff reincorporates his allegations in Paragraphs 19 through 32, and 25 through 39 above.

49. Plaintiff has suffered and continues to suffer damages as a result of RentGrow and TURSS violations of the FCRA, including, but not limited to, denial of housing, increased deposits/costs of housing, humiliation, embarrassment, time spent attempting to correct errors, stress, damage to reputation, lost opportunity to apply for housing, amongst other damages all in an amount to be determined by the jury.

50. Plaintiff is entitled to his costs and attorney's fees, pursuant to 15 U.S.C. §1681o(a).

## COUNT III

### 15 U.S.C. § 1681s-2(b) as to TURSS

51. TURSS, in addition to acting as a consumer reporting agency or reseller, is also a "furnisher" of information as that term is contemplated by 15 U.S.C. 1681s-2.

52. In addition to its investigatory duties under 15 U.S.C. 1681i, TURSS is also required to comply with the mandates of 1681s-2(b) which require that, upon receiving notice of a dispute with regard to the accuracy or completeness of any information provided by TURSS to any consumer reporting agency, that TURSS must conduct a reasonable investigation with respect to the disputed information, consider all relevant information provided by the consumer reporting agency, and, if the information is incomplete or inaccurate, modify, delete, or permanently block the information and report the results to the consumer reporting agency.

53. Here, TURSS willfully and negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of the Eviction information disputed by Plaintiff after receiving notice of such dispute from RentGrow.

54. As is set forth in detail above, TURSS failed to reasonably and review all relevant information provided by RentGrow and Plaintiff, failed to consider information contained within its own file with proved the inaccuracy of the information it was reporting about plaintiff, failed to accurately communicate the results of its investigation to RentGrow, verified as accurate information which was inaccurate, incomplete, or materially misleading, and continued to report the inaccurate information after notices of its error.

55. TURSS acted in knowing or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681s-2(b).

56. As a result of TURSS'. conduct, Plaintiff suffered actual damages including but not limited but not limited to, denial of housing, increased deposits/costs of housing, humiliation, embarrassment, time spent attempting to correct errors, stress, damage to reputation, lost opportunity to apply for housing, amongst other damages all in an amount to be determined by the jury.

57. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the finder of fact pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1681n.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby respectfully request this Court enter Judgment in favor of the Plaintiff and against the Defendants as follows:

1. On Count I as to RentGrow and TURSS:
   a. Actual and/or statutory damages in an amount to be determined by the jury;
   b. Punitive damages in an amount to be determined by the jury; and
   c. Attorney's fees and costs.

2. On Count II as to RentGrow and TURSS:
   a. Actual damages in an amount to be determined by the jury; and
   b. Attorney's fees and costs.

3. On Count III as to TURSS:
   a. Actual and/or statutry damages in an amount to be determined by the jury;
   b. Punitive damages in an amount to be determined by the jury; and
   c. Attorney's fees and costs.

Dated: January 23, 2023.

## DEMAND FOR JURY TRIAL

Plaintiff, Terrance Jones, by and through his undersigned counsel, demands a trial by jury of all issues so triable.

Respectfully submitted,

**JACKSONVILLE AREA LEGAL AID, INC.**

/s/ Adam C. Thoresen
Adam C. Thoresen
Florida Bar No. 57675
126 West Adams Street
Jacksonville, Florida 32202
Phone: (904) 903-4471
Fax: (904) 224-1587
adam.thoresen@jaxlegalaid.org
jalaconsumer@jaxlegalaid.org

*Attorney for Plaintiff*

# Exhibit A

# RentGrow

## APPLICANT DISPUTE FORM

We prepared a tenant screening report about you at the request of the property where you recently applied. If you believe that any of the CREDIT, RENTAL HISTORY, CRIMINAL or CIVIL COURT records in your report were inaccurate or incomplete **at the time you were screened**, please use this form to initiate a dispute.

### INSTRUCTIONS

Save, then complete and return this form to RentGrow.

**IMPORTANT! Update your Adobe® Reader software.** To submit this form securely through email, you must be using the latest Adobe® Reader software available at https://get.adobe.com/reader/ or **your information may not be received.**

You may only complete this dispute form on behalf of yourself (or as otherwise required by law). Complete the DISPUTE SECTION(S) which are applicable to you.
1. Credit and Rental History Disputes, complete Section 1.
2. Criminal Records Disputes, complete Section 2.
3. Civil Court Records Disputes, complete Section 3.

Please include a legible copy of your government-issued identification (e.g., Driver's License) and any supporting documents you may want to include. Please do NOT send originals.

### PERSONAL INFORMATION

Please complete this section using your full legal name. The more information that you provide to us, the faster we can investigate your case.

| Field | Value |
|---|---|
| First Name: | Terrance |
| Middle Name: | La Ron   ☑ No Middle name |
| Last Name: | Jones |
| Suffix (SR, JR, III): | |
| Current Mailing Address: | 6710 Collins Rd |
| Apt/Unit: | 1109 |
| City: | Jacksonville |
| State: | FLORIDA |
| Zip: | 32244 |
| Email: | [redacted]gmail.com |

To send you investigation results more quickly, we will (when possible) send them to you by email. BY PROVIDING YOUR EMAIL ADDRESS you consent to receiving your investigation results and any required disclosures by email.
If you DO NOT wish to receive investigation results by email, please check here: ○

| Field | Value |
|---|---|
| Telephone Number: | 904-582-[redacted]   Ext: |
| Social Sec. No. (Last 4): | [redacted] |
| Date of Birth: | [redacted] |

### APPLICATION INFORMATION

Please enter the name of the property and the date you applied for an apartment.

| Field | Value |
|---|---|
| Property Applied to: | OAK WOOD VISTA |
| Date Applied: | 01/25/2021 |

RentGrow, Inc | 177 Huntington Avenue, STE 1703 #74713 | Boston, MA 02115-3153 • Tel (800) 898-1351 • Fax (781) 583-5112 •

# RentGrow

PAGE 2 OF 5

**SECTION 1:**
**CREDIT OR RENTAL HISTORY**

**\*IDENTITY THEFT**

If your dispute is based on Identity Theft, you must also submit a copy of an **Identity Theft Report** (such as a police report; FTC report; or other report with an investigative agency).

The report must specifically identify the information on your screening report that you are disputing (such as specific credit items; specific criminal records; specific civil records; specific rental history records; etc.).

Please note, we are unable to process an identity theft dispute without all of the above information.

**DISPUTES SECTIONS**

1st Disputed Credit or Rental History Item:

Westland Park LLC

Reason:
○ Account paid in full prior to the date of my screening report
⦿ Not me
○ Identity theft    ☐ I have included all the required identity theft documentation (see sidebar)*
○ Other (please explain in detail):

Another person with the same name as me lived in the apartment complex his eviction was put under my name. My apt number is 1109. The other person apartment number was apt 1413

104 characters left

2nd Disputed Credit or Rental History Item:

Reason:
○ Account paid in full prior to the date of my screening report
○ Not me
○ Identity theft    ☐ I have included all the required identity theft documentation (see sidebar)*
○ Other (please explain in detail):

3rd Disputed Credit or Rental History Item:

Reason:
○ Account paid in full prior to the date of my screening report
○ Not me
○ Identity theft    ☐ I have included all the required identity theft documentation (see sidebar)*
○ Other (please explain in detail):

4th Disputed Credit or Rental History Item:

Reason:
○ Account paid in full prior to the date of my screening report
○ Not me
○ Identity theft    ☐ I have included all the required identity theft documentation (see sidebar)*
○ Other (please explain in detail):

RentGrow, Inc. | 177 Huntington Avenue, STE 1703 #74213 | Boston, MA 02115-3153 • Tel (800) 898-1351 • Fax (781) 583-5112 • http://www.rentgrow.com

# RentGrow

PAGE 3 OF 5

**SECTION 2: CRIMINAL RECORDS**

1st Disputed Criminal Record — Offense or Case No.:

Reason:
- ○ This record does belong to me, but the charges were: ○ Dismissed  ○ Expunged  ○ Sealed
- ○ Felony was reduced to a misdemeanor
- ○ Felony was reduced to a misdemeanor AND the offense was changed to:

  Offense:

- ○ This record does not belong to me
- ○ Identity Theft   ☐ I have included all the required identity theft documentation (see sidebar)*
- ○ Other (please explain in detail):

**\*IDENTITY THEFT**

If your dispute is based on Identity Theft, you must also submit a copy of an **Identity Theft Report** (such as a police report; FTC report; or other report with an investigative agency).

The report must specifically identify the information on your screening report that you are disputing (such as specific credit items; specific criminal records; specific civil records; specific rental history records; etc.)

Please note, we are unable to process an identity theft dispute without all of the above information.

2nd Disputed Criminal Record — Offense or Case No.:

Reason:
- ○ This record does belong to me, but the charges were: ○ Dismissed  ○ Expunged  ○ Sealed
- ○ Felony was reduced to a misdemeanor
- ○ Felony was reduced to a misdemeanor AND the offense was changed to:

  Offense:

- ○ This record does not belong to me
- ○ Identity Theft   ☐ I have included all the required identity theft documentation (see sidebar)*
- ○ Other (please explain in detail):

3rd Disputed Criminal Record — Offense or Case No.:

Reason:
- ○ This record does belong to me, but the charges were: ○ Dismissed  ○ Expunged  ○ Sealed
- ○ Felony was reduced to a misdemeanor
- ○ Felony was reduced to a misdemeanor AND the offense was changed to:

  Offense:

- ○ This record does not belong to me
- ○ Identity Theft   ☐ I have included all the required identity theft documentation (see sidebar)*
- ○ Other (please explain in detail):

# RentGrow

PAGE 4 OF 5

**SECTION 3:**
**CIVIL COURT RECORDS**

**\*IDENTITY THEFT**
If your dispute is based on Identity Theft, you must also submit a copy of an Identity Theft Report (such as a police report, FTC report, or other report with an investigative agency).

The report must specifically identify the information on your screening report that you are disputing (such as specific credit items, specific criminal records, specific civil records, specific rental history records, etc.)

Please note, we are unable to process an identity theft dispute without all of the above information.

**1st Disputed Civil Court Record — Case No.:**

Reason:
- ○ This record belongs to me, but it is in connection with a mortgage, not a lease
- ○ This case was dismissed
- ○ The judgment was paid or satisfied
- ○ This record does not belong to me
- ○ Identity Theft   ☐ I have included all the required identity theft documentation (see sidebar)*
- ○ Other (please explain in detail):

**2nd Disputed Civil Court Record — Case No.:**

Reason:
- ○ This record belongs to me, but it is in connection with a mortgage, not a lease
- ○ This case was dismissed
- ○ The judgment was paid or satisfied
- ○ This record does not belong to me
- ○ Identity Theft   ☐ I have included all the required identity theft documentation (see sidebar)*
- ○ Other (please explain in detail):

**3rd Disputed Civil Court Record — Case No.:**

Reason:
- ○ This record belongs to me, but it is in connection with a mortgage, not a lease
- ○ This case was dismissed
- ○ The judgment was paid or satisfied
- ○ This record does not belong to me
- ○ Identity Theft   ☐ I have included all the required identity theft documentation (see sidebar)*
- ○ Other (please explain in detail):

RentGrow, Inc. | 177 Huntington Avenue, STE 1703 #74213 | Boston, MA 02115-3153 • Tel (800) 898-1351 • Fax (781) 583-5112 • http://www.rentgrow.com

# RentGrow

**SECTION 3: (CONT.)**
**CIVIL COURT RECORDS**

4th Disputed Civil Court Record — Case No.:

Reason:
- ○ This record belongs to me, but it is in connection with a mortgage, not a lease.
- ○ This case was dismissed.
- ○ The judgment was paid or satisfied.
- ○ This record does not belong to me.
- ○ Identity Theft   ☐ I have included all the required identity theft documentation (see sidebar)*
- ○ Other (please explain in detail):

**\*IDENTITY THEFT**

If your dispute is based on Identity Theft, you must also submit a copy of an Identity Theft Report (such as a police report; FTC report; or other report with an investigative agency).

The report must specifically identify the information on your screening report that you are disputing (such as specific credit items; specific criminal records; specific civil records; specific rental history records; etc.)

Please note, we are unable to process an identity theft dispute without all of the above information.

## WRITTEN ACKNOWLEDGMENT

By submitting this form I acknowledge and confirm that I am submitting this dispute on my own behalf, and that the information provided is true and correct to the best of my knowledge. Additionally, I confirm that any information that I am disputing based on a claim of identity theft does not relate to me or any transactions that I initiated.

Submit this request, along with a legible copy of your government-issued identification by one of the following methods:

| Email: | Mail: | Fax: |
|---|---|---|
| information@rentgrow.com | RentGrow Consumer Relations<br>177 Huntington Avenue, STE 1703 #74213<br>Boston, MA 02115-3153 | (781) 583-5112 |

Full Name: Terrance Jones

Social Security No. (last 4): ████

Date: 01/27/2021

[SUBMIT]

---

**FOR OFFICE USE ONLY**

**VERBAL ACKNOWLEDGMENT**

"Do you acknowledge and confirm that you are submitting this dispute on your own behalf by telephone, that the information you provided to me today is true and correct to the best of your knowledge, and that any information that you are disputing based on a claim of identity theft does not relate to you or any transactions that you initiated?"   ○ Yes   ○ No

CR-INIT [          ]   Date [          ]   Time [          ]